By the Court, Robertson, Ch. J.
It does not appear upon what grounds the first motion to open the default in this case was denied. That motion was not made until over seven months after the default, and over six months after a prior attempt to open it had failed. The only affidavits used on it were those of the plaintiff’s attorney (Fisher) and his clerk, (Wernberg,) and the only facts stated in them related to the original default, endeavoring to excuse the same, but no excuse was attempted to be *54 given for the delay in making the motion. On the second motion, on which the order appealed from was made, two additional affidavits were made by the plaintiff himself. In the first of such affidavits he did not state when he first knew of the dismissal of his complaint; but, in the second, he denied all knowledge of the dismissal of his case, or any default taken against him, until the issuing of an execution against his person, a short time previous to the first motion, and averred that he would have made an earlier application, if he had known of the default. The two motions were not, therefore, made on exactly the same state of facts, as an excuse for not making an earlier application, was given on the second motion, and not on the first. It was in the discretion of the court to open the default on that state of facts, or leave the party to his remedy against his attorney, and the exercise of that discretion cannot be interfered with on appeal, if used in a proper mode.
But it is contended that the second order to show cause, on which the order appealed from was made, only required cause to be shown against leave being given to renew the prior motion, and, therefore, the order made upon it should have been confined to that relief. Undoubtedly it would have been more regular, first to have had an order entered granting leave. Although a motion cannot be renewed without leave, it is not uncommon to give notice of an application for such leave, and in the same notice, to give notice of renewing the motion conditionally, in case such leave be granted. Without such leave opening the matter for rediscussion, the former disposition of the motion would be a bar. In the present case,- the papers before us show such a bar, and no leave granted, except what may be inferred from the granting of the motion. The order appealed from should, therefore, at all events, be amended, by inserting a grant of such leave.
*55 It does not appear, unless from the order appealed from, whether any second motion was ever made to set aside the default, even if leave was granted to make it. Yet the motion may have been made instanter upon leave having been granted, as is generally done, and if no objection be made, on the ground of want of notice, may be heard and disposed of. The order recites that “ this motion ” was brought on, and counsel were heard for and against, “ this motion,” without specifying what it was, unless it is to he inferred from the subsequent decretal part óf the order, which probably may be done, to sustain it.
The defendant was at considerable expense in preparing for the trial, which he lost by the misfortune or neglect of the plaintiff’s attorney, which was not allowed him. The order appealed from should, therefore, he modified, by making it an order, merely granting leave to the plaintiff to repeat his former motion, unless the plaintiff consent that it be modified, by adding the costs and expenses of the defendant at the term at which the default was taken, and the sheriff’s fees, to the costs allowed by it. No costs are given on this appeal to either party.